# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

CHRISTIAN OLMOS VASQUEZ,

Plaintiff,

v.

SANTA ANA JAIL, et al.,

Defendants.

Case No. SA CV 15-635 PSG (MRW)

**ORDER DISMISSING ACTION WITHOUT PREJUDICE**

The Court dismisses the action without prejudice for failure to prosecute and for failure of a pro se litigant to update her address with the Court.

\* \* \*

This is a prisoner civil rights action. Plaintiff is in ICE custody in the Santa Ana Jail. (Docket # 11 at 1.) She contends that the jail staff or immigration personnel improperly failed to attend to an injury that she sustained while in custody. Magistrate Judge Wilner screened the original complaint and an amended pleading. In June 2015, Judge Wilner directed the Marshals Service to serve the First Amended Complaint on one of the named defendants. (Docket # 12, 13.)

The Post Office returned the Court's order regarding service as undeliverable. (Docket # 16.) According to the Court's docket, Plaintiff never updated her address with the Court as required by Judge Wilner's original case management order (Docket # 12 at 3-4) and under Local Rule 41-6. That Local Rule requires a pro se litigant to update his or her mailing address or risk dismissal of the action for lack of prosecution.

In August 2015, Judge Wilner issued an order to show cause why the action should not be dismissed based on Petitioner's failure to prosecute the case and her failure to update her mailing address as required. (Docket # 20.) Petitioner failed to file any response to the OSC. The Court has not received any filing from Petitioner since the submission of the First Amended Complaint several months ago.

\* \* \*

Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962). Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Additionally, Local Rule 41-6 provides in pertinent part:

> A party proceeding pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number[.] If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen

> (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

The dismissal of an action based on a litigant's failure to inform a district court of his or her address is reviewed for abuse of discretion. Carey, 856 F.2d at 1440; Hickman v. County of Butte, 586 F. App'x 285 (9th Cir. 2014) (same).

In the present action, the Court finds dismissal is appropriate. Plaintiff failed to provide the Court with up-to-date contact information. As a result, an order of this Court was returned as undeliverable. The magistrate judge then issued an OSC and gave Petitioner ample opportunity to update her address with the Court as required by Local Rule 41-6. Plaintiff's failure to do so demonstrates that she has no interest in advancing the action here.

By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff effectively chose to abandon her case by failing to update this Court with her current whereabouts. The Court finds that dismissal is appropriate under Rule 41(b) and Local Rule 41-6. Furthermore, because Plaintiff is a pro se litigant who did not abide by the Court's recent order, no sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440.

1     Accordingly, for the above reasons, this action is DISMISSED without prejudice.[1]

    IT IS SO ORDERED.

Dated: 9/15/15

                                       HON. PHILIP S. GUTIERREZ
                                       UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[1] A dismissal under Rule 41 ordinarily with prejudice to further proceedings as it "operates as an adjudication on the merits." However, given the circumstances of the dismissal, Plaintiff's custodial status, and her previous difficulty in responding to the magistrate judge's orders, the Court finds it to be in the interests of justice to dismiss the action without prejudice.

4